Raymond Schott v. Commissioner.
Schott v. Commissioner
Docket No. 3906-62.
United States Tax Court
T.C. Memo 1964-272; 1964 Tax Ct. Memo LEXIS 68; 23 T.C.M. (CCH) 1648; T.C.M. (RIA) 64272; October 19, 1964
*68 Petitioner during taxable year 1960 was employed from January 1, 1960, through June 30, 1960, and from October 10, 1960, through December 31, 1960, by agencies of the United States Government. On his 1960 income tax return petitioner listed Real Estate Broker as his principal business activity for the taxable year. Petitioner received no income in 1960 from his real estate activities. He, however, claimed deductions for business expenses. Held: 1. Petitioner was engaged in the carrying on of the trade or business of being a real estate broker during the taxable year 1960. 2. Petitioner is entitled to business expense deductions for the taxable year 1960 in the amount of $353.49. 3. Petitioner is not entitled to a deduction in the amount of $325 for contributions. Raymond Schott, pro se, P.O. Box 67, St. George, Staten Island, #1, New York, N. Y. Eugene B. Smith, for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioner for the calendar year 1960 in the amount of $537.40. Respondent has conceded that the amounts claimed on petitioner's 1960 Federal income tax return as deductions for medical expenses incurred during that year are correct as shown on the return subject to the automatic statutory adjustment that may be required under section 213, Code of 1954. In addition, petitioner conceded the disallowance of a $35 deduction for repairs claimed as a part of "other business expenses" on Schedule C of the 1960 return. The issues remaining for our consideration are: (1) Whether petitioner is entitled to deductions representing expenses incurred in carrying on a trade or business for the taxable year 1960 and (2) whether petitioner is entitled to *70 an additional deduction for contributions of $325 in excess of the amount now allowed by respondent for the taxable year 1960. Findings of Fact Petitioner resided at 561 Van Duzer Street, Stapleton, Staten Island, New York, during the year in question. He and his wife, Anita, timely filed a joint Federal income tax return for the taxable year 1960 with the district director of internal revenue, New York, New York. While a joint return was filed and the statutory notice of deficiency was correspondingly addressed to both petitioner and his wife, Anita did not join in the filing of the petition, and is not a party to the instant case. From January 1 to June 30, 1960, petitioner was an employee of the Veterans Administration, an agency of the United States Government. Petitioner received compensation in the form of wages totaling $4,569.24 from this employment. Said amount was reported as income on his 1960 Federal income tax return. From October 10 to December 31, 1960, petitioner was a full time employee of the United States Army Corps of Engineers. Petitioner received compensation in the form of wages totaling $1,173.60 from this employment, the receipt of which he reported as *71 income on his 1960 income tax return. Petitioner held a real estate broker's license issued by the State of New York during the taxable year 1960. On Schedule C, Profit (or Loss) From Business or Profession, attached to petitioner's 1960 income tax return, petitioner labeled "Real Estate Broker" as his principal business activity for the taxable year. He maintained an office at his personal residence. On Schedule C of the 1960 tax return petitioner claimed deductions totaling $2,102.05 as expenses incurred in his business as a real estate broker. The amount was broken down as follows: Rent on business property and heat
$ 460.00
Depreciation (office equipment and
auto)
580.00
Other business expenses
1,062.05
$2,102.05
The other business expenses in the amount of $1,062.05 were itemized on Schedule C-2 as follows: Real estate broker's license
$ 25.00
Auto, gas and oil
250.00
Tires, repairs, grease, cleaning
165.00
License plates
18.25
Telephone, printing, stamps
120.00
Insurance
84.80
Garage rent
42.00
Post office box
12.00
Advertising, signs, photographs
150.00
Solicit, travel, bridge fares, entertain-
ment
125.00
Repairs
35.00
Miscellaneous
20.00
Cleaning and removal of brush
15.00
Total
$1,062.05
*72 Petitioner, during the year in question, made the following expenditures in carrying on his real estate brokerage business: $219.12 for automobile expenses, $30.87 for telephone, stationery and postage, $25 for a real estate broker's license, $66.50 for advertising, signs and photographs, and $12 for a post office box. For the taxable year 1960, petitioner was in the real estate brokerage business, although he neither had nor reported any income from such business. Opinion Respondent disallowed the claimed business deductions in full for the reason that petitioner failed to establish either that such business expenses were incurred in the carrying on of a trade or business in which petitioner was engaged, or that such expenditures were actually made in the amounts claimed for the purposes designated. We must first determine whether petitioner was engaged in the trade or business of being a real estate broker in the year in issue within the meaning of section 162(a), Code of 1954, and, if so, whether petitioner established that he expended the amounts claimed for the purposes designated. Section 162(a) of the Code of 1954 reads, in part, as follows: SEC. 162. TRADE OR BUSINESS *73 EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * For a claimed deduction of a business expense to be allowed it must be an ordinary and necessary expense paid or incurred within the taxable year in carrying on a trade or business. The burden of proving that the claimed expenditures were actually made and were business expenses is on petitioner. ; ; , affd. per curiam (C.A. 5, 1959). Respondent concedes that if petitioner was in reality carrying on a trade or business, expenses of the type claimed would be ordinary and necessary and thus deductible if actually expended for the purposes designated. It is well established that the question of whether a person is carrying on a trade or business must turn on the facts of each individual case. . In the instant case petitioner, who held a real estate license, produced *74 at the trial a "listing book" in which he entered the properties he was attempting to sell during the period in question. This book gave a description of the properties and pertinent facts about them. He also introduced pictures of the properties listed which he used in trying to sell said properties. In addition, he produced a copy of a memorandum given to the Veterans Administration by him stating that he intended to practice as a real estate broker. Respondent argues that for most of the year petitioner was engaged as a full time employee of two governmental agencies and, therefore, could not have been in the trade or business of being a real estate broker. It is not necessary, however, that the activities in question form the taxpayer's principal trade or business, , and we have held that a taxpayer may be engaged in the business of selling real estate even though that is not his only or principal business. . Upon consideration of all of the evidence before us, we conclude that petitioner has sustained his burden of proving that he was in the trade or business of being *75 a real estate broker. Consideration must now be given to whether petitioner has carried his burden of proving that the amounts claimed as business expenses were actually expended for the purposes designated. On Schedule C attached to his 1960 income tax return, petitioner claimed deductions totaling $2,102.05, representing alleged business expenses for the following items in the following amounts: Rent on business property and heat
$ 460.00
Depreciation (office equipment and
auto)
580.00
Other business expenses
1,062.05
Total
$2,102.05
Petitioner's claimed rent and heat on business property represents a part of the rent and heating expense on his personal residence for the taxable year. There is nothing in the record, however, as to what portion of petitioner's residence was used for business purposes, as to the total or monthly rent paid by petitioner, or the total or monthly heating cost incurred by petitioner. Petitioner, therefore, has not carried his burden of proving that he is entitled to this deduction in the amount claimed. Petitioner's claimed deduction for depreciation of business assets in the amount of $580 consist of $500 for an automobile *76 and $80 for office equipment. Petitioner has not offered any affirmative evidence as to the basis of these assets, their life expectancy or the method used in computing the depreciation claimed. Petitioner has not established that he is entitled to the depreciation deduction claimed. With respect to the $1,062.05 claimed by petitioner as representing expenses incurred in his business activities, petitioner has presented evidence to substantiate the amount of $353.49. This latter amount consists of automobile expenses ($219.12); telephone, stationery and postage ($30.87); real estate broker's license ( $25); advertising, signs and photographs ($66.50); and a post office box rental ( $12). After careful consideration of all of petitioner's evidence, we determine $353.49 to be properly deductible for business expenditures for the year 1960. We find no affirmative evidence in the record upon which we may approximate the extent of petitioner's expenditures in his trade or business or to substantiate any deductions other than those which we allowed in the preceding paragraph. We can only say that if petitioner was entitled to any further business deductions, he has failed to meet the *77 burden of establishing them. Respondent partially disallowed a claimed deduction for contributions in the amount of $325 for lack of any substantiation. This gives rise to the remaining issue for our determination. In his 1960 income tax return petitioner claimed a deduction for contributions in the amount of $600. Respondent allowed petitioner a deduction of $275. No evidence of any kind was presented by petitioner with respect to the deduction for contributions claimed by him. There being no proof on the issue, we hold that petitioner is not entitled to any additional deduction for contributions in excess of the amount allowed by respondent for the taxable year 1960. Decision will be entered under Rule 50.